<hr/>

**[No. 1528.]**

HART v. DANA.

1. INJUNCTION—JURISDICTION—COUNTY COURTS—CITIES AND TOWNS.
County courts have no jurisdiction to control, by injunction, proceedings before police magistrates or justices of the peace acting as such in the enforcement of the ordinances of cities and towns.
2. SAME.
The county court has no jurisdiction to enjoin the chief of police of a city from arresting persons charged with violating the ordinances of the city.

*Appeal from the District Court of El Paso County.*

Messrs. CROWELL & McGARRY, for appellant.

No appearance for appellee.

THOMSON, P. J.

The appellant brought suit in the county court of El Paso county, to restrain the appellee, the chief of police of Colorado Springs, from arresting his employees, and interfering with his business. The defendant demurred to the complaint on the ground, among others, that the county court had no jurisdiction of the subject-matter of the suit. The demurrer was sustained, and an amended complaint filed, which was also demurred to on the same ground, and the demurrer again sustained. Judgment was entered upon the demurrer, and the plaintiff appealed.

The amended complaint alleges that the defendant was chief of police of Colorado Springs; that the plaintiff was engaged in the business of transferring passengers and personal property, within the limits of that city, under a license duly issued to him for that purpose by the city; that in order to conduct his business conveniently and profitably, it was necessary that his express wagons, with horses attached, and in charge of his employees, should stand, a portion of the time, in front of his place of business; that under the direction of the defendant, the policemen of the city were arresting the plaintiff's employees, whenever they were found in charge of his express wagons standing in front of his place of business, and bringing them before the police magistrate, upon charges of violating the ordinance of the city in relation to hacks, coaches, baggage and express wagons, and other vehicles, which ordinance, as set forth, made it the duty of the defendant to see that its provisions were complied with; that from a judgment against one of its employees, so arrested and charged, an appeal had been perfected to the county court, where it was then pending and undetermined. The prayer was that a temporary injunction be issued, restrain-

ing the defendant from interfering with the plaintiff's business until the final hearing, and that the injunction should then be made perpetual.

The following is section 486 of the General Statutes: "No writ of injunction whatsoever shall be issued by any county court or county judge in this state, except to stay or control the proceedings and process in the county court out of which the injunction issues, or proceedings or process in justices' courts in matters which have been appealed to such county court." The jurisdiction of county courts to issue writs of injunction is therefore restricted to cases involving its own process or proceedings, or process or proceedings in justices' courts in matters appealed to the county court. Counsel say that the case at bar is within the jurisdiction of the county court by virtue of section 3318 of the General Statutes, which was in force when section 486 was enacted, and which was as follows:

"Any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereof, or the city council or board of trustees of any city or town may designate one justice of the peace, who shall have such jurisdiction exclusively." This section was afterwards amended to read as follows: "Any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act, or any ordinance passed in pursuance thereof; or the city council or board of trustees of any city or town may designate one justice of the peace, who shall have such jurisdiction exclusively. In all incorporated towns there is hereby established and created the office of police magistrate, and the board of trustees of such town may appoint a justice of the peace, or any person who is an elector of said town, such police magistrate, who shall have jurisdiction within the territorial limits of such town, of all cases arising under the ordinances of such town, and whose powers, compensation, method of procedure and fees shall be the same as justices of the peace (in like cases) of

the county in which such town is situated." Session Laws, 1885, p. 372. This section is, as the one of which it is an amendment was, part of the chapter relating to towns and cities. It is argued that the provisions of section 486 extended to all matters of which justices, at the time of its enactment, had jurisdiction, and that as they had jurisdiction in cases arising under city ordinances, it embraced them also; and counsel say: "The fact that the legislature subsequently separated from the jurisdiction of justices of the peace, cases arising under city ordinances, and created police courts, invested with power to consider those cases, does not take away from the county court its jurisdiction to control proceedings in those cases, because the relations of the police court to the county court, in matters of procedure, are exactly the same as the relations of the county court to justices' courts ; it being the procedure in a certain class of cases that must be looked at, rather than the name of the court in which they arise." Counsel assume, as the foundation of their argument, that because section 3318, conferred jurisdiction upon justices of the peace, in cases of violation of city ordinances, the provisions of section 486 were applicable to such cases. The value of the argument depends upon the correctness of the premises, and that we cannot concede.

The general jurisdiction of justices of the peace, as well as the method of procedure before them, is defined and regulated by chapter 62 of the General Statutes, entitled "Justices and Constables." Section 3318, either in its original form, or as amended, is no part of this chapter. It is a portion of the act concerning towns and cities, and confers a special jurisdiction, not embraced in the general law. We think the provisions of section 486 were intended to be applicable only to cases within the general jurisdiction of justices, because the phraseology of section 3318 is such that to include the class of cases for which it makes provision, would require language more specific than that which is used in section 486. The argument assumes the very proposition which is in dispute, namely, that the power of the county court to issue

writs of injunction, extended to proceedings before justices, which might be had by virtue of the special jurisdiction conferred by the act concerning towns and cities. But that special jurisdiction was conferred upon police magistrates as well as justices, and the only effect of the amendment was to vest the jurisdiction, in incorporated towns, in a police magistrate, who might or might not be a justice of the peace, and define his powers and method of procedure. By the original law the jurisdiction of justices and police magistrates was concurrent, unless the city council or board of trustees should designate one justice of the peace, whose jurisdiction should be.exclusive, and in this particular the amended act made no change. Now if the legislature had intended to confide to the county court the control of proceedings arising under city and town ordinances, it would not have omitted the name of one of the courts in which such proceedings might be had, and from the fact that, outside of the county court, justices' courts only are mentioned, we think it clear that the proceedings and process referred to, are those provided by the general law.

Whether on any construction of the statute the county court would have the power to restrain a ministerial officer from discharging the duties devolved upon him by the city ordinances, we need not inquire, because proceedings in the court of a police magistrate, or of a justice of the peace acting as such, are not subject to stay or control by injunction from the county court, and even conceding that the action of the chief of police was a part of such proceedings, the county court had no authority to issue the injunction against him.

The judgment is affirmed.

*Affirmed.*